# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANTIC ASHANTI'S CAUSE, suing on behalf of THEODORE A. PINNOCK AND ITS MEMBERS; and THEODORE A. PINNOCK, an individual,<br><br>　　　　　　　　　　Plaintiffs,<br>　　vs.<br><br>CUMMING FAMILY TRUST dated 06-17-83; ELIZABETH ANNE TULLOCH, trustee of the CUMMING FAMILY TRUST dated 06-17-83; PATRICIA LYNN MCCONNELL; SANTA YSABEL GENERAL STORE ANTIQUES; a Nevada corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　Defendants. | CASE NO. 06-CV-0105 H (RBB)<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>[Doc. No. 40.] |
| CUMMING FAMILY TRUST dated 06-17-83; ELIZABETH ANNE TULLOCH, trustee of the CUMMING FAMILY TRUST dated 06-17-83; PATRICIA LYNN MCCONNELL; SANTA YSABEL GENERAL STORE ANTIQUES; a Nevada corporation,<br><br>　　　　Third Party Complainants,<br>　　　vs.<br>LAWYERS AGAINST LAWSUIT ABUSE, a professional corporation; ASCERVUS ENTERPRISES; DAVID W. PETERS; and JAMES C. MASON,<br><br>　　　Third Party Defendants. | |

On November 9, 2006, plaintiffs Mantic Ashanti's Cause, suing on behalf of Theodore A. Pinnock and its members, and Theodore A. Pinnock ("Plaintiffs") filed a first amended complaint ("FAC") alleging defendants Cumming Family Trust dated 06-17-83; Elizabeth Anne Tulloch, trustee of the Cumming Family Trust dated 06-17-83; Patricia Lynn McConnell; Santa Ysabel General Store & Antiques, a Nevada Corporation; and Does 1 through 10 ("Defendants") discriminated against individuals with disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. § 12182 et seq. ("ADA"), California Civil Code §§ 51, 52, 54, and 54.1, and California Health & Safety Code § 19995.  (Doc. No. 14.)

On December 6, 2007, Cumming Family Trust dated 06-17-83; Elizabeth Anne Tulloch, trustee of the Cumming Family Trust dated 06-17-83; Patricia Lynn McConnell; and Santa Ysabel General Store & Antiques, a Nevada Corporation ("Cumming Plaintiffs") filed a purported cross-claim against Lawyers Against Lawsuit Abuse ("LALA"), Ascervus Enterprises, David W. Peters, and James C. Mason (collectively "LALA Defendants").  (Doc. No. 21.)  The purported cross-claim alleges claims for fraud, violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"), legal malpractice, breach of fiduciary duty, intentional misrepresentation, and negligence.  (Id.)  On December 28, 2006, LALA Defendants filed an answer.  (Doc. No. 28.)

On February 1, 2007, the Court dismissed with prejudice Plaintiffs' complaint against Defendants pursuant to Plaintiffs and Defendants settlement agreement.  (Doc. No. 33.)  On April 2, 2007, LALA Defendants filed a motion to dismiss the purported cross-claim pursuant to rules 12(h)(3), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1367(c)(2).  (Doc. No. 40.)  On May 15, 2007, Cumming Plaintiffs filed an opposition to LALA Defendants' motion to dismiss.  (Doc. No. 41.)

Cumming Plaintiffs and LALA Defendants declined oral argument regarding LALA Defendants' motion to dismiss.  Therefore, the Court exercises its discretion to

decide the motion on the papers pursuant to Civil Local Rule 7.1(d)(1).  For the following reasons, the Court **GRANTS** LALA Defendants' motion to dismiss Cumming Plaintiffs' purported cross-claim.

## Background

On January 19, 2006, Plaintiffs filed this suit.  (Compl. ¶¶ 1-39.)  On November 9, 2006, Plaintiffs filed a FAC.  (FAC ¶¶ 1-40.)  On December 6, 2006, Cumming Plaintiffs filed a purported cross-claim against LALA Defendants.  (Cross-cl. ¶¶ 1-80.)  The purported cross complaint alleges that Cumming Plaintiffs' costs, expenses, and attorneys' fees in this suit have been increased by LALA Defendants' breach of duties to Cumming Plaintiffs.  (Id.)  On February 1, 2007, the Court granted Plaintiffs and Defendants joint motion to dismiss Plaintiffs' suit pursuant to the parties' settlement.  (Order Dismissal With Prejudice.)

## Discussion

### I.    Cross-Claim Against LALA Defendants

Cumming Plaintiffs brought their claims against LALA Defendants as a purported cross-claim.  A cross-claim is a claim against a coparty which either arises out of the transaction or occurrence that is the subject matter of the original action, or arises out of the transaction or occurrence that is the subject matter of a counterclaim, or relates to property that is the subject matter of the original action. See Fed. R. Civ. Proc. 13(g).  "[A] cross-claim may only be asserted against coparties in the action." See 6 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 1431 (2d ed. 1990).  When at the time that a defendant to a case files a purported "cross-complaint" the cross defendants are not parties to the action, the cross-complaint is actually a third-party complaint subject to the requirements of Rule 14(a).  See id. at § 1431 n.13; see also Schwab v. Erie Lackawanna R. Co., 438 F.2d 62, 66-67 (3rd Cir. 1971) (claim brought against third-party can not be characterized as a "cross-claim").

None of the LALA Defendants were parties to this suit at the time Cumming

Plaintiffs filed their purported cross-claim. Therefore, Cumming Plaintiffs could not bring a cross-claim against LALA Defendants. Rather, any claims Cumming Plaintiffs had against non-party LALA Defendants could only be brought as a third party complaint.

## II. Impleader

The procedure by which a defending party may join a third party into a suit is called an impleader. See Executive Software N. Am., Inc. v. United States Dist. Court, 24 F.3d 1545, 1564 (9th Cir.1994); see also William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 7:301 (The Rutter Group 2007). Impleader is governed by Rule 14 of the Federal Rules of Civil Procedure. See Galt G/S v. Hapag-Lloyd A.G., 60 F.3d 1370, 1374 n.2 (9th Cir. 1995). Rule 14 states that at any time after commencement of the action a defendant may cause a complaint to be served upon a person not a party to the action who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant. See Fed. R. Civ. Proc. 14(a). "Thus, a third-party claim may be asserted only when the third party's liability is in some way dependant on the outcome of the main claim and the third party's liability is secondary or derivative." United States v. One 1977 Mercedes Benz, 708 F.2d 444, 452 (9th Cir.1983). As the Ninth Circuit has explained:

> [The claim] cannot simply be an independent or related claim but must be based upon plaintiff's claim against defendant. The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.

Stewart v. American Intern. Oil & Gas Co., 845 F.2d 196, 200 (9th Cir. 1988); see also One 1977 Mercedes Benz, 708 F.2d at 452 ("It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim."). Impleader is most commonly used for claims against a third party for

indemnification, subrogation, breach of warranty, or contribution among joint tortfeasors. See Schwarzer, et al., supra, at ¶ 7:311.

Cumming Plaintiffs' purported cross-claim does not attempt to transfer to LALA Defendants the liability asserted against them by Plaintiffs. Cf. Irwin v. Mascott, 94 F. Supp. 2d 1052, 1057 (N.D. Cal. 2000) (prohibiting debt collector sued for violations of the Fair Debt Collection Practices Act and the California Unfair Business Practices Act to implead its former counsel as third-party defendants on claim of legal malpractice since good faith reliance on advice of counsel not a defense, therefore third-party legal malpractice action not dependent on plaintiffs' claims). Rather, Cumming Plaintiffs are attempting to bring independent claims against LALA Defendants through their purported cross-claim.[1] This is not a permissible impleader claim, whether or not Cumming Plaintiffs independent claims are related to Plaintiffs claims.[2] Therefore, Cumming Plaintiffs purported cross-claim must be dismissed.

## III.    RICO Claim

The only federal claims that Cumming Plaintiffs allege against LALA Defendants is their RICO claims, 18 U.S.C. § 1964(a)-(d), based on the alleged predicate acts of wire and mail fraud. LALA Defendants argue that Cumming Plaintiffs' purported cross-claim fails to allege wire or mail fraud with sufficient particularity, as required by Rule 9(b) of the Federal Rules of Procedure, and should therefore be dismissed under Rule 12(b)(6) for failure to state a claim. The Court agrees that Cumming Plaintiffs failed to meet the particularity requirement of Rule 9(b), and concludes that the claims are otherwise deficient in meeting the pleading requirements for RICO.

---

[1] One consequence of Cumming Plaintiffs attempt to bring their independent claims against LALA Defendants in this suit is that Cumming Plaintiffs avoid paying the filing fee required by 28 U.S.C. § 1914(a).

[2] Furthermore, a defendant needs to obtain leave of court to serve and file a third party complaint sought to be filed more than 10 days after defendant serves its original answer to the complaint in the main action. See Fed. R. Civ. Proc. 14(a) (emphasis added). The purported cross-claim was filed more than 10 days after the original answer was filed in this suit by at least Cumming Family Trust. Therefore, leave of court was required for the Cumming Plaintiffs to implead LALA Defendants, even if it were proper to do so, which was never sought.

## A.  Legal Standards for Motion to Dismiss Pursuant To Rule 12(b)(6)

A motion to dismiss for failure to state a claim pursuant to section 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims in the complaint. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 12(b)(6) permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support plaintiff's theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). In considering the sufficiency of a complaint under Rule 12(b)(6), courts cannot grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–338 (9th Cir. 1996).

Dismissal is proper, however, if a complaint is vague, conclusory, and fails to set forth any material facts in support of the allegation. See North Star Intern. v. Arizona Corp. Com'n, 720 F.2d 578, 583 (9th Cir. 1983). Furthermore, a court may not "supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

## B.  Requirement to Plead Fraud With Particularity

Federal Rule of Civil Procedure 9(b) requires that in allegations of fraud, the circumstances constituting fraud are to be stated with particularity, although intent, knowledge, and other conditions of mind may be alleged generally. Rule 9(b)'s specificity requirement applies to alleged predicate acts of fraud underlying civil RICO claims. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065-66 (9th Cir. 2004).

To meet the particularity requirement of Rule 9(b), allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged

to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001). To avoid dismissal for inadequacy under Rule 9(b), a complaint needs to state the time, place, and specific content of the allegedly false representations as well as the identities of the parties to the alleged misrepresentations. See Edwards, 356 F.3d at 1066. A RICO claim that fails to plead alleged predicate acts of wire and mail fraud with the requisite particularity shall be dismissed for failure to state a claim under Rule 12(b)(6). See id.

### C. Cumming Plaintiffs' RICO Claims

The Court concludes that Cumming Plaintiffs' RICO claims fail to allege with sufficient particularity the circumstances constituting the alleged fraud by LALA Defendants, and otherwise are deficient in stating a RICO claim. The Court notes that Cumming Plaintiffs have failed to sufficiently allege facts to establish the continuity of activity required to establish a pattern of racketeering activity. See Religious Technology Center v. Wollersheim, 971 F.2d 364, 366-67 (9th Cir. 1992) (claim that attorneys violated RICO did not satisfy continuity requirement because only goal was successful prosecution of suit so there could be no threat of activity continuing beyond completion of that suit); see also Medallion Television Enterprises v. SelecTV, 833 F.2d 1360, 1364 (9th Cir.1987) (when plaintiff alleged that defendant performed various acts toward the commission of "a single fraudulent inducement to enter a contract," no pattern of racketeering activity existed); Midwest Grinding Co., Inc. v. Spitz, 976 F.2d 1016, 1024-25 (7th Cir. 1992) ("[M]ail and wire fraud allegations 'are unique among predicate acts' because multiplicity of such acts 'may be no indication of the requisite continuity of the underlying fraudulent activity.' Consequently, we do 'not look favorably on many instances of mail and wire fraud to form a pattern.'" (internal citations omitted)). Therefore, even if the Court had not already concluded that Cumming Plaintiffs' claims should be dismissed, the Court would have concluded that Cumming Plaintiffs' RICO claims should be dismissed for failure to plead the

predicate acts of mail and wire fraud with sufficient particularity, and for failure to meet the pleading requirements of RICO.

### Conclusion

For the reasons discussed, the Court **GRANTS** LALA Defendants' motion to dismiss Cumming Plaintiffs' purported cross-claim. As no claims remain, the case is terminated.

IT IS SO ORDERED.

DATED: May 25, 2007

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.